Case 5:25-cv-00153   Document 15   Filed on 10/16/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
October 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MOISES ANGEL FUENTES,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:25-CV-00153** |
| § | |
| **TODD LYONS,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the court is Petitioner Moises Angel Fuentes' Petition for a Writ of Habeas Corpus, (Dkt. 1), and Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), challenging the lawfulness of his detention by Immigration and Customs Enforcement at the Rio Grande Processing Center in Laredo, Texas. For the reasons set forth below, Fuentes' Habeas Petition is GRANTED IN PART and Respondents are ORDERED to conduct a bond hearing by **October 24, 2025** or release him. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED as moot.

## BACKGROUND

### A. Changes to Department of Homeland Security Policy for the Detention of Noncitizens

On July 8, 2025, Immigrations and Customs Enforcement (ICE) announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 1, Attach. 2 at 28–30.)[1] The policy informs all ICE employees of Department of Homeland

---

[1] The Parties have labeled their sub-filings as "Exhibits." However, the Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries

Security's (DHS) determination that 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226, is the applicable immigration detention authority for all noncitizens considered "applicants for admission." (*Id.*) The guidance further specifies that DHS's position is that an "applicant for admission" includes noncitizens present in the United States who have not been admitted or who arrive in the United States, whether or not at a designated port of arrival. (*Id.*) Finally, the guidance also states that ICE will not issue Form I-286 (Notice of Custody Determination) to applicants for admission because Form I-286 applies by its terms only to custody determinations under 8 U.S.C. § 1226 and 8 C.F.R. §236. (*Id.*) As a consequence of this guidance, individuals previously subject to discretionary detention under 8 U.S.C. § 1226 have now been categorized by immigration enforcement officials as subject to mandatory detention under 8 U.S.C. § 1225. (*See id.*)

On September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges "lack authority to hear bond requests or to grant bond to aliens. . . who are present in the United States without admission" and are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Dkt. 1 at 7; Dkt. 9 at 10) (quoting *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025)).

### B. Fuentes' Immigration Proceedings

Petitioner Moises Angel Fuentes ("Petitioner" or "Fuentes") is a Mexican citizen who has lived in the United States since approximately 2005. (Dkt. 1 at 4; Dkt. 9 at 3.) On or around August 5, 2025, while Petitioner was on his way to work, a law enforcement officer with Nueces County Sherrif's Office conducted a traffic stop of Petitioner's vehicle because of a defective headlamp. (Dkt. 9, Attach. 1 at 2.) The law enforcement officer then arrested Petitioner on suspicion of an

immigration violation. (Dkt. 1 at 10; Dkt. 9 at 2–3.) After being arrested, Petitioner was transferred to Rio Grande Processing Center in Laredo, Texas. (Dkt. 1 at 10; Dkt. 9 at 2–4.) On August 6, 2025, the day after his arrest, the Government issued an order to detain Petitioner pending his removal proceedings based on its finding that Petitioner was subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 9 at 3.) Petitioner was served with a notice to appear as well as a Form I-826 "notice of rights and request for disposition." (*See* Dkt. 1, Attach. 2 at 3–6; Dkt. 9, Attach. 3 at 1.) The Notice to Appear indicates that Petitioner is alleged to be an "arriving alien" who arrived in the United States nearly two decades ago at or near Hidalgo, Texas in November 2005 and who is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (Dkt. 1, Attach. 2 at 3–6.)

On September 17, 2025, Petitioner submitted a parole request to ICE, to which ICE responded that Enforcement and Removal Operations (ERO) "is no longer granting discretionary releases." (Dkt. 1, Attach. 2 at 8–9.) On September 24, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents in immigration court. (Dkt. 9, Attach. 1 at 2.) Petitioner is scheduled for his final merits hearing in his immigration case on October 31, 2025. (*Id.*) As a result of his ongoing detention, Petitioner remains separated from his family, including his two young U.S. citizen children. (Dkt. 1 at 11.)

### C. Procedural Background

On September 20, 2025, Petitioner filed a habeas petition with the Court along with a motion for preliminary injunction and temporary restraining order. (Dkts. 1, 2.) Asking largely for the same relief in both filings, he requests declaratory and injunctive relief based on claims that Respondents application of 8 U.S.C. § 1225(b)(2) is unlawful and violates the Immigration and Nationality Act (INA); he further alleges that his current detention without a custody

redetermination hearing to determine whether he is a flight risk or danger to others violates his due process rights under the Fifth Amendment. (Dkt. 1 at 11–12; Dkt. 2 at 23.) Fuentes requests, among other things, that this Court issue an order requiring Respondents to release him or, alternatively, to hold a bond hearing and enjoin his continued detention without a bond hearing. (Dkt. 1 at 12). Respondents filed a Motion in Opposition to Petitioners Writ of Habeas Corpus and Motion to Dismiss on October 6, 2025. (Dkt. 9.) On October 14, 2025, Respondents also filed their Opposition to Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order. (Dkt. 14.)

## Legal Standard

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (per curiam); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.).

## Discussion

The Court first considers Respondents argument that Petitioner has not exhausted administrative remedies and finds exhaustion does not bar the Court's review because it is not a statutory requirement in these circumstances. The Court then considers the merits of Fuentes' Petition. Specifically, the Court considers whether 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a) applies to Petitioner. The Court finds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States for the past two decades, the applicable

detention authority is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practice.

Because the Court has determined that it is appropriate to decide the merits of Petitioner's underlying Petition for a Writ of Habeas Corpus, Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction is denied as moot.

### A. Exhaustion of Administrative Remedies

Respondents argue that the Court should dismiss Petitioner's Habeas Petition for lack of jurisdiction because Petitioner has failed to allege or show that he has exhausted administrative remedies. (Dkt. 9 at 6–8.) The Government asserts that Petitioner failed to request a bond hearing under 8 C.F.R. § 1236 by following the procedures in § 1003.19, so he has therefore failed to exhaust his administrative remedies. (*Id*.)

Petitioner responds to this by arguing that he should not be required to take actions that are patently futile. Petitioner points out that Respondents arguments are contradictory: first Respondents argue Petitioner failed to exhaust remedies by not requesting a bond hearing before an IJ, but Respondents are simultaneously also arguing that an IJ does not have jurisdiction to hear Petitioners bond request. (Dkt. 11 at 3–5.) Specifically, Petitioner argues that "[f]orcing Mr. Angel Fuentes to jump through hoops for no reason is not exhaustion- it is futility." (*Id*. at 3.)

The Court agrees with Petitioner. Generally, exhaustion of all available administrative remedies is required before administrative determinations may be subject to federal judicial review. *Hniguira v. Mayorkas*, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024) (citing *Woodford v. Ngo*, 548 U.S. 81, 82–86 (2006)). However, under the relevant immigration law, exhaustion of administrative remedies is statutorily required only on appeals from final orders of

removal. *Id*. (citing 8 U.S.C. § 1252(d)(1)). Petitioner does not seek review of a final order of removal; therefore, the Court finds that exhaustion of administrative remedies is not statutorily mandated here, and the Court is not barred from hearing Petitioner's claims.

Moreover, "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). Here, Respondent's argue that Petitioner must exhaust the administrative remedy of requesting a bond hearing from an IJ under 8 C.F.R. § 1236 by following the procedure described for such a request in 8 C.F.R. § 1003.19. (Dkt. 9 at 7.) But 8 C.F.R. § 1236 and, accordingly, § 1003.19 are explicitly applicable to individuals detained pursuant to 8 U.S.C. § 1226, and not applicable to individuals detained pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* 8 C.F.R. § 1236(d)(1) ("After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in *section 236 of the Act [8 U.S.C. § 1226]* . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter." (emphasis added)).

In addition, given the BIA decision stating that IJs do not have jurisdiction to hear bond requests from "aliens who are present in the United States without admission," pursuing such a request while Petitioner is subject to detention under 8 U.S.C. 1225(b)(2)(A) would be a patently futile course of action. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Respondents

recognize that this published BIA decision "is binding precedent on immigration judges." (Dkt. 9 at 17.) Post *Yajure Hurtado*, given Respondent's current position that Petitioner is subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A), an IJ would "unquestionably find that it lacked the authority" to hear Petitioner's bond request. (*See id.*) Requiring Petitioner to request a bond hearing from an IJ prior to review of his Petition for Habeas Corpus would be an exercise in futility, therefore exhaustion does not bar the Courts review.[2]

### B. DHS' Statutory Authority to Detain Petitioner under 8 U.S.C. §§ 1225(b)(2) and 1226(a)

The principal issue in this case is one of statutory interpretation: whether Petitioner has been lawfully detained under 8 U.S.C. § 1225(b)(2)(A), which prescribes mandatory detention during removal proceedings, or if he is instead subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing regarding whether the noncitizen is a flight risk or poses a danger to the community. Respondents' position is that Fuentes is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen "seeking admission," and Fuentes argues that he has been misclassified and is subject to discretionary detention under 8 U.S.C. § 1226(a) as the default provision for noncitizens who are "already present" in the country and are detained by ICE but do not fit within § 1225(b).

Which statute applies to Fuentes is a question of statutory interpretation, and is therefore province of the courts, not agencies. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413

---

[2] Respondents' arguments regarding administrative exhaustion focus solely on Petitioner's failure to request a bond hearing in front of an IJ, however, the Court briefly notes that other courts have also ruled that requiring exhaustion of appeals to the BIA is not required in these circumstances. *See e.g. Pizarro Reyes v. Raycraft,* 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025); *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (waiving exhaustion requirement where petitioners had similar claims and had not exhausted the appeals process in front of the BIA).

(2024). "Judges have always been expected to apply their 'judgment' *independent* of the political branches when interpreting the laws those branches enact. And one of those laws, the APA, bars judges from disregarding that responsibility just because an Executive Branch agency views a statute differently. . . . Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id*. at 412–13 (citation omitted). Based on the statutes' plain text, the statutes' history, Congressional intent, and § 1226(a)'s application over the past decades, the Court finds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), applies to Petitioner's detention.

### 1. Statutory Background

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). Under 8 U.S.C. § 1226(a), a noncitizen is generally entitled to a bond hearing at the outset of their detention. *See id*. ("the Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole'" (quoting 8 U.S.C. § 1226))

In contrast, "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Therefore, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a)

are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *Rodriguez v. Bostock*, 2025 WL 2782499, at *3 (W.D. Wash. Sept. 30, 2025).

"In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

### 2. Section 1226(a) Applies to Fuentes' Detention

Petitioner argues that, as a noncitizen already present in the country at the time of his arrest, he is subject to discretionary detention under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. He principally asserts that he is subject to discretionary detention under 8 U.S.C. § 1226(a) based on a plain reading of the statutes and regulations as well as the historical agency interpretation of the statute. (Dkt. 1 at 6–9.) He asserts that Respondent's interpretation of the statutes defies the Immigration and Nationality Act and contradicts the plain text of 8 U.S.C. § 1226(a). (Dkt. 1 at 8.)

Respondents, in turn, argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) based on a plain reading of the text. (Dkt. 9 at 8–16.) They argue that "8 U.S.C. § 1225 is the applicable detention authority for all applicants for admission—both arriving aliens and aliens present without admission alike, regardless of whether the alien was initially processed for expedited removal proceedings under 8 U.S.C. § 1225(b)(1) or placed directly into removal proceedings under 8 U.S.C. § 1229a." (*Id* at 14.) Therefore, their view is that because both 8 U.S.C. § 1225(b)(1) and (b)(2) mandate detention throughout the completion of applicable proceedings,

IJs do not have authority to redetermine the custody status of a noncitizen such as Petitioner who is determined to be "present without admission." (Dkt. 9 at 14–15.)³

As almost every district court that has taken up this issue has concluded, including courts in this district, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" clearly support the finding that §1226 is the applicable statute, not §1225. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *4 (E.D. Mich. Sept. 9, 2025) and citing *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025)); *Rodriguez*, 2025 WL 2782499, at *1 & n.3 (collecting cases); *Belsai D.S. v. Bondi*, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025)). "In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect." *Lopez-Arevelo*, 2025 WL 2691828, at *7.

Nearly every district court to address the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice." *Rodriguez*, 2025 WL 2782499, at *1 n.3. Having read the sound analysis of this issue by many other districts, the Court adopts the position of the majority of courts, which hold that the applicable detention authority for noncitizens who

---

³ Respondents also argue in their Opposition to Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order that 8 U.S.C. § 1226(a) cannot apply to Petitioner because the statute begins with the language "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (*See* Dkt. 14 at 15.) They claim no warrant was issued to arrest petitioner, so § 1226(a) cannot apply. (*Id*.) This argument does not persuade the Court. By Respondents' own admission "the Supreme Court explained, 8 U.S.C. § 1226(a) 'applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the [Secretary] to issue warrants for their arrest and detention pending removal proceedings.'" (*Id*. (quoting *Jennings*, 583 U.S. at 289, 303)).

have been physically present in the United States, like Petitioner, is 8 U.S.C. § 1226(a). "The Court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement." *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). Fuentes cannot be described as "seeking admission"—and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)—because he was not actively seeking to be admitted to the United States when he was apprehended on his way to work after being stopped by law enforcement for a broken headlamp. *See Rodriguez*, 2025 WL 2782499, at *17–19; *Cordero Pelico v. Kaiser*, 2025 WL 2822876, at *8 (N.D. Cal. Oct. 3, 2025) (citing cases). Therefore, he does not fit within § 1225(b), and must fit within Section 1226(a), the default provision for noncitizens already physically present in the United States.

The Respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result. The Court finds that 8 U.S.C. § 1226, not 8 U.S.C. § 1225, applies to Petitioner.[4]

## Conclusion

For the foregoing reasons, Fuentes' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1), is **GRANTED IN PART**. Fuentes' Opposed Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. No. 24), is **DENIED** as moot. The preliminary injunction hearing scheduled for Friday, October 17, 2025, is hereby TERMINATED. Respondent's Opposition to Petition for Writ of Habeas Corpus and Motion to Dismiss is **DENIED**.

---

[4] Fuentes' Habeas Petition challenges his detention on both statutory and constitutional grounds. As in *Pizarro Reyes* and *Buenrostro-Mendez*, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *Buenrostro-Mendez*, 2025 WL 2886346, at *3 n. 4 (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8).

The Court **ORDERS** that Respondents release Fuentes unless he is provided a bond hearing under 8 U.S.C. § 1226(a) **by October 24, 2025.** If Fuentes is released, Respondents must notify Fuentes' counsel of the exact time and location of Fuentes' release **no less than two hours** before his release.

No later than **October 28, 2025, at 5:00 p.m.,** the parties shall provide the Court with a status update concerning the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Fuentes' release.

IT IS SO ORDERED.

SIGNED this October 16, 2025.

Diana Saldaña
United States District Judge